UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES DEWAR,**

    Plaintiff,

v.                                Case No: 5:23-cv-677-MMH-PRL

**DIRECT INTERACTIONS, INC.,**

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court, in this breach of contract action, is the defendant's motion to dismiss the plaintiff's complaint for failure to state a claim. (Doc. 9); Fed. R. Civ. P. 12(b)(6). The plaintiff has responded in opposition. (Doc. 30). For the following reasons, I recommend that the Court **grant** the defendant's motion to dismiss Count I and **deny** the defendant's motion to dismiss Counts II and III.

    **I.**     **BACKGROUND**

On November 15, 2023, the defendant removed this action from state court. (Doc. 1 at 3). According to the complaint, on January 1, 2020, the plaintiff "was retained by [the defendant] to provide emotional intelligence services to customer service representatives in jeopardy of quitting or losing their jobs." (Doc. 1-1 at ¶ 7). Sometime later, his "role expanded to request for proposal ('RFP') writer for [Defendant]." *Id.* at ¶ 8. Before "taking on the new

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

responsibility, Plaintiff informed [Defendant's] President, Matt Storey ('Storey') that RFPs could be submitted under Plaintiff's existing business for a commission if the deal was won." *Id.* Plaintiff says, "[p]referring to keep Plaintiff captive to [Defendant], Storey told Plaintiff regarding a commission that he 'don't need to worry about that. We got you.'" *Id.*

While Plaintiff didn't say when the "we got you" conversation occurred, he alleges that on "December 16, 2020, Storey informed [him] that the company intended to pay a similarly situated independent contractor an 8% commission generating business." (Doc. 1-1 at ¶ 9). He contends that he "reasonably assumed that he would be paid the same . . . commission and dedicated his time exclusively to [Defendant] with regard to RFP writing and submissions." *Id.*

Over a year later, on "February 1, 2022, Plaintiff discovered an opportunity for [Defendant] by Citizens Property Insurance Corporation ('Citizens')." *Id.* at ¶ 10. He says he then "commenced writing and filing an RFP on behalf of [Defendant] to compete for the Citizens deal." *Id.* at ¶ 11. Subsequently, on "March 31, 2022, [Defendant's] Vice President of Sales, Michael Riek, informed company leadership that it had won the Citizens contract by and through the efforts of Plaintiff." *Id.* at ¶ 12. Plaintiff contends that the "value of the Citizens call center contract to [Defendant] is up to $7,000,000.00 per year for four years." *Id.* at ¶ 13. According to Plaintiff, "[i]mmediately after the Citizens win, [Defendant] refused to pay Plaintiff a commission on any revenue realized." (Doc. 1-1 at ¶ 14). Rather, Plaintiff alleges that the defendant "began to ostracize Plaintiff and eventually terminated the relationship after the company determined that Plaintiff's RFP process was effectively usurped by employees of [Defendant]." *Id.*

The plaintiff now asserts three counts against the defendant. Count I is for breach of contract, Count II is for promissory estoppel or quantum meruit (as an alternative to Counts I and III), and Count III is for unjust enrichment (as an alternative to Counts I and II).

## II.   LEGAL STANDARDS

Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

## III.   DISCUSSION

### A. Breach of Contract

First, the defendant argues that the complaint fails to state a claim for breach of contract. "Under Florida law, '[t]he elements of a breach of contract action are (1) a valid

contract; (2) a material breach; and (3) damages.'" *IPS Avon Park Corp. v. Kinder Morgan, Inc.*, No. 22-10547, 2023 WL 3750708, at *2 (11th Cir. June 1, 2023) (quoting *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999)); *accord Nagel v. Glob. Growth Holdings, Inc.*, No. 6:23-CV-2256-JSS-EJK, 2024 WL 1701142, at *1 (M.D. Fla. Apr. 19, 2024).

Here, the defendant argues that the plaintiff does not allege offer, acceptance, or mutual assent beyond what it refers to as the conclusory and vague statement, "we got you." (Doc. 9 at 7). Indeed, Defendant contends that merely stating "we got you," in response to Plaintiff's purported inquiry about performing RFPs, is insufficient to set the compensation terms for any work related to that. The Court agrees.

"To prove the existence of [an] [oral] contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Todd v. Time Ins.*, No. 10-81538-CIV, 2011 WL 13227738, at *4 (S.D. Fla. Sept. 29, 2011) (citing *St. Joe Corp. v. McIver*, 875 So.2d 375, 381 (Fla. 2004)). Also, "to state a cause of action for breach of an oral contract, a plaintiff must allege that the parties mutually assented to a certain and definite proposition and left no essential terms open." *Todd*, 2011 WL 13227738, at *4 (internal citations and quotations omitted).

Here, I submit that the plaintiff fails to state a claim for breach of (oral) contract. *See Int'l Brokerage & Surplus Lines, Inc. v. Liberty Mut. Ins.*, No. 8:06-CV-104T30MSS, 2007 WL 220172, at *3 (M.D. Fla. Jan. 26, 2007) (granting defendant's motion for a more definite statement where complaint failed to allege: "whether the contract is a written contract or an oral contract; when the contract was entered into by the parties; who was a party to such contract; and the terms of the contract or the obligations created by such contract"); *see also TCC Air Servs., Inc. v. Schlesinger*, No. 05-80543-CIV, 2006 WL 8435108, at *2–3 (S.D. Fla.

Feb. 28, 2006) (dismissing breach of contract claim and permitting the plaintiff to replead count where there was "no mention in [breach of contract count] of any specific payment terms (e.g., amount and due date(s) ), or any other essential terms of the alleged oral contract" and denying motion to dismiss breach of contract claim finding Plaintiff sufficiently replead parties' assent to essential terms by stating "the approved dates of flight and general payment terms"). While Plaintiff alleges that he offered to write RFPs for a commission, and that the defendant's president responded "we got you," Plaintiff does not allege that the essential terms were agreed upon and not left open. *Todd*, 2011 WL 13227738, at *4.

Indeed, the plaintiff's commission appears to be an essential part of his offer that *was* left open. While he alleges that he told "Storey that RFPs could be submitted under [his] existing business for a commission if the deal was won" (Doc. 1-1 at ¶ 8), and he asserts that they "had a meeting of the minds whereby Plaintiff would seek out call center business opportunities in return for an hourly rate and commission from business won" (Doc. 1-1 at ¶ 16), he does not allege that part of his conversation with Storey actually set an amount of his commission or his compensation for submitting the RFPs. At best, he says that at some point he learned about the commission that another person was receiving, but he never alleges in the complaint that he had an agreement with Storey (oral or otherwise) or anyone else on what his commission or compensation would be for a successful RFP. (Doc. 1-1 at ¶ 9).

Moreover, that essential term cannot be inferred as "certain and definite" at the time of the alleged offer and acceptance such that there was "mutual assent" to the commission because, for example, the plaintiff (1) does not allege *when* the initial "we got you" conversation occurred, (2) does not allege facts to suggest that learning about *someone else's* commission created a certain and definite compensation term as to *his* future work, and (3)

certainly does not allege that a commission percentage was directly set as to him. *Merle Wood & Assocs., v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1301 (S.D. Fla. 2012) ("A prime example of an essential term is price, or in this case, the amount of the brokerage commission for which [Plaintiff] has brought suit") (collecting cases) (citations omitted). Thus, I submit that the plaintiff has failed to allege that there was "mutual[] assent[] to a certain and definite proposition[.]" *Todd*, 2011 WL 13227738, at *4 (internal citations and quotations omitted). Accordingly, I submit that the defendant's motion to dismiss Count I of Plaintiff's complaint for failure to state a claim is due to be **granted**.

### B. Promissory Estoppel (Quantum Meruit)

While breach of an oral contract requires an agreement on compensation—an essential term—the plaintiff's remaining counts sound in equity. Essentially, as to the remaining counts, Plaintiff need not establish that the parties agreed on precise compensation terms, but rather needs to establish that he agreed to do work, expected to receive compensation for that work, did the work for the defendant's benefit, and the defendant didn't compensate him, such that the situation is inequitable. *See TCC Air Servs., Inc.*, 2006 WL 8435108, at *2–3 (granting motion to dismiss as to breach of contract claim but denying it as to unjust enrichment claim).

Under Florida law, to state a claim for promissory estoppel, the plaintiff must allege that there was: "(1) a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee, and (2) which does induce such action or forbearance, and (3) that injustice can only be avoided by enforcement of the promise." *Winnie v. Infectious Disease Assocs., P.A.*, No. 8:15-CV-2727-T-35MAP, 2016 WL 11670293, at

\*6 (M.D. Fla. Sept. 21, 2016) (*DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So. 3d 85, 93 (Fla. 2013)).

Here, I submit that the complaint sufficiently alleges a claim for promissory estoppel. While Plaintiff doesn't allege an agreement on an amount of compensation (an essential term to a contract), he does allege that the defendant, through Storey, agreed "he would be paid an hourly rate and a commission for business referrals made and secured." (Doc. 1-1 at ¶ 21). Additionally, the plaintiff alleges that, to keep him "captive to" the defendant, Storey told him "we got you[,]" and that the plaintiff reasonably assumed he would be paid a commission, potentially (even if Defendant argues erroneously) an 8% commission. *Id.* at ¶ 8–9. Further, Plaintiff alleges that he "relied on the promise to his detriment by focusing on procuring revenue for [the defendant] instead of acquiring other sources of personal income by providing similar services to [the defendant's] competitors." *Id.* at ¶ 21. Likewise, and importantly, the plaintiff alleges that through his efforts, the defendant "was awarded a call center contract from Citizens, which would allow [it] to realize up to $7,000,000.00 per year for four years." *Id.* at ¶ 22. Thus, Plaintiff alleges that Defendant benefited from his efforts without compensating him and, therefore, "[e]nforcing [Defendant's] promise to Plaintiff is necessary to avoid an injustice." *Id.* at ¶ 23.

While the defendant argues that the alleged promise here is "vague and indefinite" based on Storey's statements (i.e., with respect to a commission, he said Plaintiff "don't need to worry about that" and "we got you"), unlike *Remembrance*, Plaintiff has alleged enough to show a promise of at least some degree of compensation was made in exchange for a particular type of work. (Doc. 9 at 10–11 (citing *Remembrance Grp., Inc. v. Centazzo*, No. 2:21-cv-675-JES-MRM, 2022 WL 1406673, 2022 U.S. Dist. LEXIS 81164, at \*16-17 (M.D. Fla.

May 4, 2022))). In *Remembrance,* the purported promise was less certain and more prospective—there was an agreement to "*work with* [the defendant] . . . to develop an equitable framework for the redemption of his comprehensive ownership interest in the Operating Affiliates and [the plaintiff]." *Remembrance Grp., Inc.*, 2022 U.S. Dist. LEXIS 81164, at *16-17 (emphasis added). Here, however, there were more facts alleged than a single promise to "work with" the plaintiff. *Id.* Specifically, here, in context, the promise is sufficiently definite to support a claim for promissory estoppel considering the allegations that: (1) the plaintiff offered to submit RFPs for a commission on deals won; (2) at a minimum, the "we got you" conversation shows an understanding that the plaintiff would work on RFPs in exchange for a commission (albeit one with undefined terms based on that conversation); (3) after the plaintiff offered to submit RFPs for commission, he was told a "similarly situated independent contractor" was earning an 8% commission; (4) after being told this, the plaintiff undertook the Citizens RFP on behalf of the defendant; (5) Defendant "won the Citizens contract by and through the efforts of Plaintiff;" and (6) Plaintiff was not compensated with a commission for his efforts. (Doc. 1-1 at ¶¶ 7–12).

Although these allegations are insufficient to infer that the "essential term" of the amount of compensation was "certain and definite" for purposes of the plaintiff's breach of contract claim, the lack of such a requirement for promissory estoppel permits the alleged promise to serve as a basis for this claim. Thus, it is sufficient to infer, as alleged, that the defendant promised Plaintiff "would be paid an hourly rate and a commission for business referrals made and secured." (Doc. 1-1 at ¶ 21).

Finally, as discussed, the plaintiff has alleged that the defendant should have foreseen his reliance on the promise. The facts alleged are sufficient to infer that the defendant created

the reasonable assumption in the plaintiff that he would be paid the 8% commission when that discussion was had after the RFP conversation. Moreover, the statement "we got you," can be inferred as foreseeably causing the plaintiff to believe his role was being expanded to RFP writer in accordance with his proposal for a commission.

Accordingly, I submit that the complaint sufficiently states a promissory estoppel claim; thus, the defendant's motion to dismiss Count II should be **denied**.

### C. Unjust Enrichment

Third, the defendant argues that the plaintiff's third count fails to state a claim for unjust enrichment. To state a claim for unjust enrichment, the plaintiff must allege that: (1) he "conferred a benefit on the defendant; (2) [the] defendant voluntarily accept[ed] and retain[ed] the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *OJ Com., LLC v. Ashley Furniture Indus., Inc.*, 359 F. Supp. 3d 1163, 1176 (S.D. Fla. 2018), *aff'd*, 817 F. App'x 686 (11th Cir. 2020) (quoting *Porsche Cars N. Am., Inc. v. Diamond*, 140 So.3d 1090, 1100 (Fla. Dist. Ct. App. 2014)).

Here, I submit that the complaint states a claim for unjust enrichment. The defendant argues that the complaint is self-defeating in this count because "Plaintiff concedes [that] he was compensated at 'an hourly rate' pursuant to an agreement for his work." (Doc. 9 at 14 (quoting Doc. 1-1 at ¶ 16)). Indeed, according to the defendant, the plaintiff fails to allege that he did not receive adequate consideration for the benefit allegedly conferred to it. (Doc. 9 at 14). Under *Uphoff*, Defendant argues that "courts have held that such equitable relief is not available where the plaintiff has provided a defendant with no more than that which he was

hired to do and for which he was paid his salary." (Doc. 9 at 13–14 (quoting *Uphoff v. Wachovia Sec., LLC*, 2009 U.S. Dist. LEXIS 116679, at *17 (S.D. Fla. Dec. 14, 2009))).

First, the plaintiff does not incorporate the allegation that he was paid an "hourly rate" into his unjust enrichment claim. *Cf.* (Doc. 1-1 at ¶ 16 (containing "hourly rate" statement)), *with* (Doc. 1-1 at ¶ 25 (incorporating by reference allegations at "paragraphs 1 through 14")). Second, unlike the defendant's citation to *Uphoff*, the plaintiff does not allege that he was initially hired as an RFP writer. (Doc. 9 at 13–14 (quoting *Uphoff*, 2009 U.S. Dist. LEXIS 116679, at *17)). Instead, to this point, the plaintiff alleges (as the defendant acknowledges), that the plaintiff's role was "expanded to . . . RFP writer[,]" from his initial role (thus, as alleged, Plaintiff "reasonably assumed that he would be paid [an 8%] . . . commission . . . with regard to RFP writing"). (Docs. 1-1 at ¶ 7–9; 9 at 14). Third, the complaint explicitly alleges that the plaintiff, "[p]rior to taking on [this] . . . new responsibility, . . . informed" Defendant's president that he could submit RFPs "for a commission if the deal was won." (Doc. 1-1 at ¶ 8). Fourth, the complaint alleges that the plaintiff did not receive "commission on any revenue realized" and that the defendant "retained the full benefit of the Citizens revenue by refusing to pay Plaintiff a commission." *Id.* at ¶¶ 14, 28. Thus, the plaintiff sufficiently alleges that he conferred a benefit on the defendant, and that the defendant voluntarily accepted and retained that benefit.

Finally, the plaintiff sufficiently alleges that the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Here, the defendant argues that the plaintiff's claim for unjust enrichment alleges, in a conclusory manner, that the basis for non-payment being "inequitable" is the defendant's "alleged promise to pay a commission." (Doc. 9 at 14–15). The defendant contends "there

are no facts alleged that could reasonably support that any such promise was made." *Id.* at 15. However, the standard does not require Plaintiff to allege sufficient facts to reasonably support that a promise was made in his claim for unjust enrichment. Instead, the plaintiff must only allege that there are circumstances making the defendant's retention of the benefit inequitable without paying the plaintiff. I submit that, under the circumstances alleged, Plaintiff has sufficiently alleged that the defendant's retention of the benefit would be inequitable. Accordingly, I submit that the defendant's motion to dismiss Count III should be **denied**.

### IV. RECOMMENDATION

Thus, for the stated reasons, I recommend that the Court **grant** the defendant's motion to dismiss as to Count I and **deny** the defendant's motion to dismiss as to Counts II and III. (Doc. 9).

Recommended in Ocala, Florida on June 26, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy